# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody Lundin, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Discovery Communications, Inc. a Maryland corporation; Original Media, a New York, LLC; and Brian Nashel, an individual.<br><br>　　　　　　Defendants. | NO. CV-16-01568-PHX-ROS<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), upon the joint motion of Plaintiff and Defendants, and in view of the fact that this action may involve proprietary, commercially-sensitive, research and/or financial data and other information that is regarded by parties who have been, and may later be, requested to disclose such matters, as confidential, and good cause appearing, the Court hereby enters the following Protective Order:

**IT IS HEREBY ORDERED THAT:**

**I.　DEFINITIONS**

　　A.　"Party" means any of the parties to this action, and any of their officers, directors, partners, members, principals or affiliates.

B. "Counsel" means counsel of record in this action for any of the parties to this action and those attorneys' stenographic, clerical, and paralegal employees, or outside copy services whose duties and responsibilities in the conduct of this action require access to Protected Material.

C. "Discovery Material" means:

(1) any information, document, tangible thing, or response to discovery requests pursuant to the Federal Rules of Civil Procedure;

(2) any deposition testimony or transcript revealed during depositions upon oral or written examination pursuant to the Federal Rules of Civil Procedure;

(3) any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to the Federal Rules of Civil Procedure;

(4) any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to the Federal Rules of Civil Procedure;

(5) any other similar materials, or portions thereof.

D. "Producing Party" means a party to this action, including all directors, employees, and agents (other than Counsel) of the party, or any third party that produces or otherwise makes Discovery Material available to a Receiving Party. This Order shall apply to and may be invoked by any third party that produces or otherwise makes Discovery Material available to a Receiving Party.

E. "Receiving Party" means a party to this action, including all employees, agents, and directors (other than Counsel) of the party, who receives Discovery Material from a Producing Party.

F. "CONFIDENTIAL" means any document, discovery response, testimony, or information that the Producing Party reasonably and in good faith

believes embodies trade secrets, proprietary, or other confidential business information that, if its disclosure is not restricted, could be harmful to the business or operations of the Producing Party.

G. "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as CONFIDENTIAL in accordance with paragraph II(A) below.

## II. DESIGNATION OF PROTECTED MATERIAL

A. Any document, any information produced on magnetic disk or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by the Producing Party to contain or constitute CONFIDENTIAL information shall be so designated by the Producing Party. Every page of each document or the front of each disk that contains CONFIDENTIAL information shall be marked on its face with the following legend:

"CONFIDENTIAL"

Transcript pages containing or constituting CONFIDENTIAL information shall be separately bound by the court reporter and marked CONFIDENTIAL on each page that contains such CONFIDENTIAL information.

## III. ACCESS TO PROTECTED MATERIAL

A. Subject to paragraphs III(B), III(C), and III(D), in the absence of an order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of paragraph II(A) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than: (i) Counsel for the Receiving Party and the Receiving Party; (ii) Persons employed by the

Receiving Party who are participating in the management of the litigation and the preparation of this case for trial; (iii) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' support personnel; (iv) the individual(s) who authored, prepared, or received the information; (v) certified court reporters taking testimony involving such CONFIDENTIAL information and their support personnel; (vi) the Court (including any trier of fact) in connection with the proceedings in this action; and (vii) the Producing Party that provided the CONFIDENTIAL information.

B. Outside Experts and Consultants. Subject to the provisions of this Protective Order, all Protected Material may be disclosed to any outside expert or consultant who has agreed to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A. Executed copies of the Acknowledgment form shall be exchanged between counsel promptly upon request, and the absence of a signed Acknowledgment justifies the Producing Party's refusal to provide documents until a signed Acknowledgment is provided by the Receiving Party.

C. Disclosure Pursuant to Consent. Protected Material also may be disclosed to anyone so authorized by prior written consent of the designating party, and no party is restricted in any way by this Protective Order in disclosing its own Protected Material.

D. Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the portion of the transcript that contains Protected Material unless (s)he has agreed in writing to be bound by the terms of this Protective Order by

signing an Acknowledgement form attached as Exhibit A, an executed copy of which shall be provided to the opposing party.

IV. The limitations on disclosure contained in this Protective Order shall not apply to documents or information that: (i) were in the possession of the Receiving Party before disclosure by the Producing Party without a restriction from any party to this action, or (ii) are or become published or available in a manner not in violation of this Protective Order.

V. **COURT PROCEDURES**

If a document containing CONFIDENTIAL information is filed with the Court, it shall be filed with one of the following notations:

Filed Under Seal - Contains CONFIDENTIAL Information

Subject to Protective Order

Any papers containing Protected Material shall indicate clearly what portions are designated as CONFIDENTIAL.

VI. **HANDLING OF PROTECTED MATERIAL**

A. Nothing herein shall restrict a person authorized to have access pursuant to paragraph III(A) from making working copies, abstracts, digests, and/or analyses of Protected Material for use in connection with this action. Such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the original Protected Material under the terms of this Protective Order. Further, nothing herein shall restrict an authorized recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to authorized recipients.

B. If a party through inadvertence produces any CONFIDENTIAL document or thing without labeling, marking, or otherwise designating it as such in

accordance with the provisions of this Protective Order, the Producing Party may within a reasonable time thereafter give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such document or thing with the noticed level of protection from the date such notice is received.  Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the document or thing that bears the new confidentiality designation under this Protective Order, at which time the Receiving Party shall return or destroy all copies of the originally produced document or thing to the Producing Party.

C.  If a Producing Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and, in accordance with the provisions of Fed. R. Evid. 502, all copies of such inadvertently produced documents shall promptly be returned by the Receiving Party to the Producing Party upon demand.

D.  A party or present employee of a party may be examined and may testify concerning all CONFIDENTIAL information produced by that party.

E.  Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL information of a Producing Party that appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

F.  If no confidentiality designation of deposition testimony is made at the time of the deposition, any transcript containing CONFIDENTIAL information shall be designated as containing such information by no later than thirty

6

calendar days after the date of such deposition. Otherwise, such transcript shall not be deemed Protected Material.

G. This Protective Order shall not prevent any party from moving the Court for an order that a non-party may be examined and may testify concerning any document containing CONFIDENTIAL information of a Producing Party. Prior to so moving, the party seeking to examine the non-party or have the non-party testify shall seek the Producing Party's agreement by requesting, in writing, to examine the non-party or have the non-party testify and shall identify the documents designated as CONFIDENTIAL about which it seeks to examine the non-party or about which it seeks to have the non-party testify. The Producing Party shall have ten court days to respond to such a request. In any motion, the Producing Party shall have the burden of establishing before the Court the need to prevent the non-party from being examined about or testifying about the CONFIDENTIAL document.

## VII. PROCEDURE TO CHALLENGE DESIGNATIONS

This Protective Order shall not prevent any party from moving the Court for an order or, when required, requesting an order pursuant to the discovery dispute resolution procedure set forth in ¶ J of the Court's Scheduling Order, that information designated as CONFIDENTIAL by a Producing Party is not, in fact, CONFIDENTIAL information. Prior to so moving, the party seeking to reclassify the information shall seek the Producing Party's agreement by objecting, in writing, to the designation by specifying the information at issue and the grounds for questioning the designation. The Producing Party shall have five court days to respond to such request.

## VIII. RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Protective Order.

## IX. RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

## X. FINAL DISPOSITION

Within ninety calendar days after final termination of this action, each party shall assemble all documents and things furnished and designated by any other party or non-party as containing CONFIDENTIAL information, and all copies, summaries, and abstracts thereof, and shall either (a) return the documents and things to the Producing Party, or (b) destroy the documents and things; provided, however, that the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, and attorney-client communications that include or are derived from Protected Material.  If a party elects to destroy the documents, a Certificate of Destruction shall be served on all attorneys of record within ninety calendar days of final termination of this action.

## XI. SURVIVAL OF OBLIGATIONS

The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

Dated this 6th day of September, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cody Lundin, an individual, | ) NO. CV-16-1568-PHX-ROS |
| Plaintiff, | ) |
| vs. | ) **ACKNOWLEDGMENT FOR** |
| | ) **STIPULATED PROTECTIVE** |
| Discovery Communications, Inc. a Maryland corporation; Original Media, a New York, LLC; and Brian Nashel, an individual. | ) **ORDER** |
| Defendants. | ) |

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any CONFIDENTIAL information that is disclosed to me.

4. Promptly upon termination of these actions, I will return all CONFIDENTIAL information that came into my possession, and all documents and

things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained, or who noticed my deposition.

     5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Name (print)

_____
Signature

_____
Date